## Case No. 16,255.

### UNITED STATES v. SEVENTEEN EMPTY BARRELS.

[3 Dill. 285; 1 8 Chi. Leg. News, 74; 21 Int. Rev. Rec. 391.]

Circuit Court, W. D. Missouri. Nov. 23, 1875.2

SEIZURE OF DISTILLED SPIRITS—REV. ST. §§ 3453, 3459, CONSTRUED—INFORMATION OF FORFEITURE.

1. Section 3459 of the Revised Statutes prescribed the notice required and not the previous rules of the court.

2. In an information under section 3453 of the Revised Statutes, it is sufficient to follow the language of the statute and the allegation *held* sufficient without an express averment that the taxes on the spirits were not paid.

3. The tools etc., found and seized in the place where the distilled spirits were found and seized, were, under the averments, subject to seizure and forfeiture.

[Error to the district court of the United States for the Western district of Missouri.

[This was an information of forfeiture against seventeen empty barrels, etc., Adler & Furst, claimants.]

C. H. Krum, Jeff. Chandler, and H. S. Musser, for plaintiffs in error.

J. S. Botsford, U. S. Dist. Atty.

DILLON, Circuit Judge.—The seizure of distilled spirits, raw materials, tools, etc.,

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Affirming Case No. 14,424.]

was made under section 3453 of the Revised Statutes. The claimants, as owners, applied under section 3459 of the Revised Statutes for the return of the property seized, and executed the bond therein provided for, which was filed with the proper district attorney. The district court ordered personal service of notice of the pendency of the proceedings to be given to the parties executing the bonds ten days before the term fixed for trial. The required notice was given. A motion was made on a special appearance to quash the notice, because twenty days notice had not been given as required by rule 45 of the United States district courts for the districts of Missouri.

The answer to this objection is that section 3459 of the Revised Statutes prescribes the mode of proceeding in the case as to notice, and not the rule of the court referred to.

The third article of the information was demurred to and the demurrer was overruled and judgment of forfeiture entered. Without going into detail my judgment is that the allegations of the third article using and following the language of the statute are sufficient in substance. Under this article it is specially urged that it should be alleged that the taxes were not paid on the spirits. But the averment is that the spirits "were in the possession and ownership of the claimants for the purpose of being sold and removed by them in fraud of the internal revenue laws, and with the design to avoid the payment of said taxes." This is sufficient.

And it is my opinion that the tools, etc., found and seized in the place and inclosure where the distilled spirits were found and seized, were, upon the averments of this article, subject to seizure and forfeiture. It is my opinion, too, that the fourth article is also good, upon a general demurrer. The court cannot judicially notice and on demurrer decide that the averment that certain materials were "raw materials" were not so in the face of the direct allegation of fact to the contrary.

I have some doubt whether the kind of article subject to tax, into which it is alleged these "raw materials" were intended to be manufactured for the purpose of fraudulently selling such manufactured article with the design to evade the payment of said tax, ought not to have been specifically averred, yet I am inclined to think this generality of statement would not be sufficient ground of reversal where judgment went upon a general demurrer. But, however this may be, the third count is sufficient to support the judgment.

I have no doubt as to the jurisdiction of the district court. Affirmed.